GORDON HANNA, PC
Gordon Hanna
242 Church Street SE
Salem, OR 97301
503 585-3408
503 375-2649 (fax)
ghanna@gordonhanna.com


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION


Robert Evans Mahler,                                          Civil Case No. CV06-532-HO

       Plaintiff,

   v.                                                                  ANSWER AND COUNTERCLAIMS
                                                                           BC WEB, LLC AND WILLAMETTE
                                                                           TABLE TENNIS CLUB, INC.
Bernard F. Bednarz Jr., individually and
dba BC Web LLC;
Willamette Table Tennis Club, Inc.;
City of Salem, Oregon;
Salem (Oregon) Police Department;
Lyle Gembala, individually and as Deputy Chief
of the City of Salem (Oregon) Police Department;
Does 1-20,
       Defendants.

Defendants BC Web, LLC and Willamette Table Tennis Club, Inc., ("WTTC") in answer to the First Amended Complaint on file herein, admit, deny and allege as follows:


Page - 1    ANSWER AND COUNTERCLAIMS

1. Admit Mahler is a resident of Marion County, Oregon. Except as so admitted, deny the remainder of Paragraph 1.

2. Admits Bednarz was at all times the president of WTTC, an Oregon non-profit corporation. Admits he is a member of BC Web, LLC, an Oregon limited liability company. Denies that any action alleged against Bednarz is related to or in any way connected to his duties with BC Web, LLC or WTTC.

3. Has no knowledge of "BC WebHost, LLC" as alleged in paragraph 3, but admits that Bednarz is a member of BC Web LLC.

4. Has no knowledge of, and therefore denies, the allegations of paragraph 4.

5. Admits that WTTC is an Oregon non-profit corporation organized as a mutual benefit company with members. Denies that it is owned or operated by Bednarz.

6. Has no knowledge of and denies the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Has no knowledge of and denies the allegations of paragraph 8.

9. Has no knowledge of and denies the allegations of paragraphs 9, 10, 11, 12 and 13.

10. Denies the allegations of paragraphs 14 and 15.

11. Admits that on or about April 8, 2006, Bednarz and others removed certain property consisting of table tennis tables from the Salem Senior Center as majority members of the Salem Table Tennis Club. At all material times the table tennis tables were property of Salem Table Tennis Club, an unincorporated association. The persons removing the table

tennis tables were acting on behalf of a majority of the members of the Salem Table Tennis Club.

12. Has no knowledge of, and denies the allegations of paragraph 17.

13. Has no knoweldge of and therefore denies the allegations of paragraph 18.

14. Has no knowledge of and therefore denies the allegations of paragraph 19.

15. Denies that any conspiracy against Plaintiff exists, but otherwise has no knowledge of and therefore denies the allegations of paragraph 20.

16. Admits that venue is property in the United States District Court for the District of Oregon, but except as admitted denies the remainder of paragraph 21.

17. Denies the allegations of paragraph 23, 24, 25, 26, and 27.

18. Denies the allegations of paragraph 29, 30, 31, 32, 33.

19. Denies the allegations of paragraph 34 and 35.

20. Denies the allegations of paragraph 37, 38, and 39.

21. Denies the allegations of paragraph 41 and 42.

22. Denies the allegations of paragraph 44 and 45.

23. Denies the allegations of paragraph 46 and 47.

24. Denies the allegations of paragraph 49 and 50.

25. Denies the allegations of paragraph 52 and 53.

## FIRST AFFIRMATIVE DEFENSE

(BC Web - No Agency)

Page - 3    ANSWER AND COUNTERCLAIMS

26. None of the actions alleged of Bednarz in the Complaint fall within the scope of his duties with BC Web. None of the allegations regarding Bednarz in the Complaint, if true, would fall within the scope of his agency or were done during the course of his employment.

## SECOND AFFIRMATIVE DEFENSE

(Ownership)

27. The personal property at issue in this matter belongs to the Salem Table Tennis Club, an unincorporated association of table tennis players and supporters ("STTC"). The STTC was an activity group of long standing in the Salem community. Members paid dues as members and STTC used the dues for, among other things, the acquisition of table tennis tables. Until Spring of 2006, Plaintiff was the treasurer of STTC. In February 2006, without the consent or knowledge of other members of STTC, Plaintiff filed Articles of Incorporation for a non-profit member benefit corporation called Salem Table Tennis Club, Inc. Plaintiff then claimed to "own" the assets of the unincorporated association that had previously been known as STTC.

28. In addition, Plaintiff began to make personal attacks on members of STTC. The attacks included defamatory emails to other members and table tennis players throughout the State of Oregon. In addition, while attending a table tennis tournament in Beaverton, Oregon, Plaintiff was observed slashing the tires on Bednarz vehicle at a table tennis event in Beaverton, Oregon on April 8, 2006.

29. The members of the unincorporated association called STTC decided that Plaintiff presented a risk, had probably absconded with club funds, and had acted against the best

interest of the club by filing the Articles of Incorporation with neither notice to nor consent of the members of the unincorporated association.

30. Rather than engage in protracted litigation with Plaintiff, STTC and its members decided to reorganize the unincorporated association as Willamette Table Tennis Club, Inc. an Oregon non-profit corporation. The members then took possession of some of the property that had belonged to their unincorporated association that was located at Salem Senior Citizen's Center. The personal property consisted of five table tennis tables worth less than $5,000.

31. When the members went to reclaim their table tennis tables they found that Plaintiff had wrongfully locked the tables up to prevent the members from reclaiming them.

32. The members had anticipated that there might be a confrontation at the Salem Senior Center and previously contacted Salem Police to discuss the situation. The Salem Police advised the members that the matter was a civil matter as far as they were concerned.

33. When the members removed the tables belonging to the unincorporated association, they left behind other table tennis tables that remain the custody and control of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

(No Emotional Distress Damages)

34. To the extent Plaintiff claims damages for negligent infliction of emotional distress, such damages are not recoverable in Oregon absent either physical contact with Plaintiff's person or a "special relationship" between Plaintiff and various of the defendants. None occurred in this case and such damages are not awardable.

Page - 5    ANSWER AND COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

(Discretionary Exclusion)

35. To the extent Plaintiff was excluded from activities at WTTC, it was done shortly after Plaintiff was cited for slashing the tires of Bednarz and while WTTC's members were under the belief that Plaintiff had placed glue in the locks in the building where WTTC was conducting its activities.

36. The members of WTTC believed that Plaintiff presented a danger of confrontation with Bednarz and other members of WTTC and excluded him from activities in order to avoid the danger of confrontation.

## FIRST COUNTERCLAIM

(Declaratory Judgment - WTTC)

37. The Court has jurisdiction of this Counterclaim under 28 USC §1367.

38. Defendant WTTC contends that WTTC, being the successor of the Salem Table Tennis Club, an unincorporated association, owns all of the assets of the unincorporated association previously known as Salem Table Tennis Club, including but not limited to all table tennis tables (whether in the possession of WTTC or Plaintiff), all accounts and funds held in accounts for the association and the name "Salem Table Tennis Club." Plaintiff has been asked to account for the funds in his possession but he refuses to do so.

39. On information and belief, Plaintiff contends that he owns the assets of the unincorporated association previously known as the Salem Table Tennis Club and the funds in his possession, and he has no duty to account for the funds in his possession to anyone.

Page - 6    ANSWER AND COUNTERCLAIMS

40. There exists a justiciable controversy between those parties and the Court should issue an judgment declaring the rights of the parties to the assets of the prior unincorporated association.

## SECOND COUNTERCLAIM

(Breach of Fiduciary Duty - WTTC)

41. The Court has jurisdiction of this claim under 28 USC §1367.

42. WTTC is the successor in interest of the unincorporated association formerly known as Salem Table Tennis Club.

43. Plaintiff, while a member of STTC and its Treasurer, breached his fiduciary duty as follows:

   a. By converting funds belonging to the unincorporated association;

   b. by purchasing table tennis tables with funds belonging to the unincorporated association but getting the receipts made out to his own name in order to claim ownership of the table tennis tables;

   c. by filing articles of incorporation in the name of Salem Table Tennis Club without the knowledge or consent of the members of the unincorporated association.

44. As a result of the breaches of fiduciary duty alleged above, Defendant WTTC, as successor to STTC, has been damaged in the sum of $5,000.

45. Defendant WTTC is entitled to its reasonable attorney fees under the provisions of ORS 20.080.

WHEREFORE Defendant WTTC prays that Plaintiff's complaint be dismissed, that Plaintiff take nothing, and that:

1. The Court declare the rights to the ownership of the assets of the Salem Table Tennis Club, an unincorporated association;

2. For judgment in the sum of $5,000 and its reasonable attorney fees and costs incurred herein.

Defendant BC Web prays that Plaintiff's complaint be dismissed, that Plaintiff take nothing, and that Defendant BC Web have judgment against Plaintiff for its costs incurred herein.

Dated this 28th day of November, 2006.

GORDON HANNA, P.C.

_____
Gordon Hanna
OSB# 78237
(503) 585-3408
Attorney for Defendants BC Web, LLC and
Willamette Table Tennis Club, Inc.

## CERTIFICATE OF SERVICE/MAILING

I, Gordon Hanna, hereby certify that I am the attorney for BC Web, LLC and Willamette Table Tennis Club, Inc. in the above matter and that I served the foregoing **ANSWER OF BC WEB, LLC and WTTC** by mailing a certified true copy thereof to:

Robert Evans Mahler
P.O. Box 7658
Salem, OR 97303

 Pro Se

on this 28th day of November, 2006.

                                                          Gordon Hanna
                                                         OSB# 78237
                                                         (503) 585-3408
                                                         Attorney for Defendants BC Web, LLC and
                                                         Willamette Table Tennis Club, Inc.

grh\files\bednarz mahler\bc web wttc answer1