IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT EVANS MAHLER,

       Plaintiff,                 Civil No. 06-532-HO

                                       ORDER

      v.

BERNARD F. BEDNARZ JR., et al.,

       Defendants.

    Plaintiff alleges constitutional and state law tort claims arising from an alleged theft of table tennis equipment. Plaintiff also alleges violation of the Americans with Disabilities Act (ADA). Plaintiff filed a motion for leave to file an amended complaint to add defendants. Defendant BC WEB, LLC (BC WEBB) filed a motion for summary judgment. Defendant Willamette Table Tennis Club, Inc. (WTTC) filed a motion for summary judgment. Defendants City of Salem and Lyle Gembala (city defendants) filed a motion for summary judgment. Plaintiff filed a single document requesting "discovery guidance,"

extension of time or stay of proceedings and sanctions. Plaintiff filed a motion for contempt and "other equitable relief" and response to motions to quash subpoenas in a single document.

For the reasons discussed below, plaintiff's motion for leave to file an amended complaint is denied; BC WEBB's motion for summary judgment is granted; WTTC's motion for summary judgment is denied; city defendants' motion for summary judgment is granted in part, and denied in part; plaintiff's motion for guidance, extension of time or stay and sanctions is denied; and plaintiff's motion for contempt is denied.

I. <u>Plaintiff's Motion for Leave to Filed 3rd Amended Complaint</u>

Plaintiff seeks leave to file a third amended complaint to name ten defendants previously identified as "Does," and to include requests for declaratory relief.  Plaintiff has not filed a copy of the proposed third amended complaint as required by LR 15.1(d)(1).  The court cannot assess the propriety of granting leave.  Plaintiff's motion for leave is denied.

II. <u>Defendants' Motions for Summary Judgment</u>

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56(c).

A.  City Defendants' Motion for Summary Judgment

1.  Undisputed Facts

The following facts are undisputed or deemed admitted as a result of city defendants' decision not to file a separate concise statement denying or controverting facts set forth in plaintiff's response to city defendants' concise statement of material facts.  LR 56.1(f).

At material times, plaintiff and defendant Bednarz were officers of the Salem Table Tennis Club, housed at the Salem Senior Center.  Defendant Lyle Gembala is Deputy Chief of the Salem, Oregon Police Department.  Gembala and Bednarz are members of the Salem Rotary Club.  Plaintiff and Bednarz came to dispute whether plaintiff owned table tennis tables and equipment located at the Salem Senior Center, and other alleged club assets in plaintiff's possession.

In late March 2006, plaintiff visited the Salem Police Department.  A female officer advised plaintiff to show that table tennis tables at the Salem Senior Center were under plaintiff's control.  Plaintiff marked the tables "private property of the Salem Table Tennis Club."  The tables were secured with a lock and steel cable.

On or before April 4, 2006, Bednarz informed Gembala that he intended to remove the table tennis tables from the Salem Senior center on April 8, 2006, and that he was concerned plaintiff might report the removal of the property as a theft.

Prior to April 4, 2006, at the urging of Bednarz, Gembala

3 - ORDER

spoke to the Marion County District Attorney about prosecuting plaintiff for possession of Salem Table Tennis Club property and assets.

On or about April 4, 2006, Gembala telephoned plaintiff. Gembala stated that plaintiff could face prosecution for alleged theft of club assets. After speaking with plaintiff, Gembala concluded he had no probable cause to believe that plaintiff's alleged retention of club assets constituted a crime. Instead, Gembala considered the matter to be a civil dispute between members of the club. In the same conversation, plaintiff told Gembala that plaintiff could prove his ownership of table tennis equipment located at the senior center.

On April 8, 2006, an employee of the senior center telephoned plaintiff and informed him that individuals were cutting locks and cables and removing table tennis tables from the senior center. Plaintiff immediately phoned the Salem Police Department and reported the theft of the tables from the senior center. Plaintiff's call was forwarded to Patrol Sergeant Keith Blair, who was present at the senior center during the removal of the table tennis equipment. Plaintiff advised Blair that the persons removing the tables were committing theft. Blair advised plaintiff that Bednarz was present and helping others remove the tables. Blair told plaintiff that Gembala had instructed him to allow Bednarz and his associates to remove the tables. Blair

4 - ORDER

states in his affidavit that Gembala informed him that members of a table tennis club disputed ownership of the tables, and that he should be aware that a physical altercation might erupt during his shift on April 8, 2006.

       2.  Discussion

City defendants argue that plaintiff fails to state a federal claim, Gembala is entitled to qualified immunity, and plaintiff cites no policy which could give raise to municipal liability.  City defendants' further argue that should the court elect to exercise supplemental jurisdiction over state law claims, the claims should be dismissed for failure to state a claim under the Oregon Tort Claims Act.

The second amended complaint contains the following federal claims.  "Count 1" alleges that city defendants deprived plaintiff of equal protection and due process rights by removing or allowing removal of plaintiff's personal property from the Salem Senior Center.  "Count 2" alleges that city defendants enacted and enforced arbitrary and capricious written or unwritten rules and regulations to deprive plaintiff of property and prohibit plaintiff from taking part in regularly scheduled athletic activities without due process. "Count 3" alleges that city defendants removed or allowed removal of plaintiff's personal property from the Salem Senior Center in violation of plaintiff's Fourth Amendment rights to be free from unreasonable

5 - ORDER

search and seizure.  "Count 5" alleges that city defendants removed, conspired to remove, and allowed removal of plaintiff's personal property from the Salem Senior Center without a hearing or notice.  "Count 8" alleges that defendants discriminated against him by failing to accommodate his disability and preventing him from attending "STTC, WTTC, United States Table Tennis Association, and State Games of Oregon, sponsored events."

Plaintiff does not prove that the constitutional rights allegedly violated by Gembala were clearly established in the circumstances of this case in March and April 2006.  See DiRuzza v. County of Tehama, 206 F.3d 1304, 1313 (9th Cir. 2000).  Class-based animus is not demonstrated by city defendants' decision not to credit plaintiff's claims of ownership over the competing claims of a Rotary Club member.  The only reasonable conclusion from the evidence is that Gembala and Blair reasonably considered the ownership of club assets to be a matter of a civil dispute.  Assuming for argument that table tennis equipment removed from the senior center belongs to plaintiff, city defendants did not deprive plaintiff of protected property or liberty interests by failing to prevent removal of the equipment.  A reasonable juror could not conclude from the evidence that city defendants removed the equipment or entered into a conspiracy to do so.  Gembala is entitled to qualified immunity.  Plaintiff does not identify, or produce evidence of, an official policy that could give raise to

municipal liability.

City defendants do not address count 8 for violation of the ADA. City defendants do not explain their one-sentence argument that the state law claims fail to state a claim under the Oregon Tort Claims Act. The court will not dismiss the state law claims for failure to state a claim at this time. City defendants' motion for summary judgment is granted in part and denied in part. City defendants are entitled to summary judgment on plaintiff's Section 1983 claims ("counts" 1, 2, 3 and 5).

B.  BC WEBB's Motion for Summary Judgment

The second amended complaint contains no allegations of fact which, if true, could lead to liability against BC WEBB. All that is alleged is that BC WEBB is a for profit company owned by defendant Bednarz. Plaintiff states in an affidavit that Bednarz used BC WEBB facilities to hold secret meetings and to infringe upon and dilute plaintiff's copyrights. The second amended complaint contains no claim for violation of copyright laws, however. BC WEBB is entitled to summary judgment.

C.  WTTC's Motion for Summary Judgment

Citing to the affidavits of Bednarz and Diller, WTTC contends that table tennis equipment allegedly converted from plaintiff was purchased with funds belonging to the Salem Table Tennis Club. Plaintiff avers that he purchased the equipment and loaned it to the club, and that certain defendants subsequently

converted the equipment. Disputed issues of fact regarding the ownership of the table tennis equipment precludes summary judgment in favor of WTTC on the ground that the equipment is not owned by plaintiff.

III. <u>Plaintiff's Motion for Extension of Time, Stay & Sanctions</u>

Plaintiff filed a motion for discovery guidance and extension of time to respond to Bednarz's request for production and alternative motion for stay of proceedings pending settlement negotiations, and for sanctions against Bednarz and/or his attorney for threatening to file a motion to compel evidence. Plaintiff's filing lacks the certification required by LR 7.1(a). Plaintiff filed his request for extension of the discovery deadline after the expiration of that deadline. Plaintiff does not demonstrate that the failure to complete discovery is the result of excusable neglect as required by Rule 6(b) of the Federal Rules of Civil Procedure. Plaintiff's submissions are insufficient for the court to verify plaintiff's contentions that Bednarz's threat to file a motion to compel was made in bad faith in light of plaintiff's responses to the discovery requests. Plaintiff's motion for discovery guidance, extension of time or stay and sanctions is denied.

IV. <u>Motion for Contempt and Other Equitable Relief</u>

Plaintiff is advised to refrain from combining motions with responses or other pleadings. <u>See</u> LR 7.1(b). Plaintiff asks the

8 - ORDER

court to hold individuals in criminal contempt for disobeying subpoenas. Plaintiff's filing demonstrates that he served the subpoenas beyond the discovery deadline. The court previously granted motions to quash untimely subpoenas issued by plaintiff. Order dated July 10, 2007. The court is unaware whether these are the same subpoenas subject to the order granting defendants' motions to quash. Plaintiff's motion for contempt is denied.

## Conclusion

Based on the foregoing, plaintiff's motion for leave [#65] is denied; BC WEBB's motion for summary judgment [#68] is granted; WTTC's motion for summary judgment [#79] is denied; city defendants' motion for summary judgment [#75] is granted in part and denied in part; plaintiff's motion for guidance, extension of time or stay and sanctions [#85] is denied; and plaintiff's motion for contempt [#103] is denied.

IT IS SO ORDERED.

DATED this __18th__ day of September, 2007.

                                              s/ Michael R. Hogan
                                      United States District Judge