Robert Evans Mahler
P.O. Box 7658
Salem, Oregon 97303
503)589-4878

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Robert Evans Mahler;  )<br>  )<br>          Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>Bernard F. Bednarz Jr.,  )<br>  )<br>individually; Willamette Table  )<br>  )<br>Tennis Club, Inc; City of Salem,  )<br>  )<br>Oregon; Salem (Oregon) Police  )<br>  )<br>Department; Lyle Gembala,  )<br>  )<br>Individually and as Deputy Chief )<br>  )<br>of the City of Salem (Oregon)  )<br>  )<br>Police Department.  )<br>  )<br>          Defendants.  )<br>_____) | **Civil Action No. CV06-532-HO**<br><br>**Motions To Deny Defendants Mutual Settlement Agreement and Release and Settlement Offer; And Allow Plaintiff To Address (Serve) The Court.**<br><br>**Affidavit** |

Plaintiff hereby moves the Court for orders allowing him to address (serve) the Court, denying defendants Mutual Settlement Agreement and Release, and denying defendants' settlement offer.

_/s/ Robert E. Mahler_                                                      2/19/08
Robert E. Mahler                                                            Date

Motions To Deny Defendants' Mutual Settlement Agreement, Settlement Offer, and Allow Plaintiff to Address (serve) the Court.

1

Robert Evans Mahler
P.O. Box 7658
Salem, Oregon 97303
503)589-4878

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Robert Evans Mahler; | Civil Action No. CV06-532-HO |
| Plaintiff, | |
| v. | |
| Bernard F. Bednarz Jr., | **AFFIDAVIT OF ROBERT MAHLER** |
| individually; Willamette Table Tennis Club, Inc; City of Salem, Oregon; Salem (Oregon) Police Department; Lyle Gembala, Individually and as Deputy Chief of the City of Salem (Oregon) Police Department. | |
| Defendants. | |

STATE OF OREGON     )
                    ) ss.
County of Marion    )

      I, Robert E. Mahler, being duly sworn on oath, depose and say the following:

    1. I am the plaintiff in the above entitled case.

    2. I make this affidavit in support of my attorney of record, James Leuenberger.

PAGE -    AFFIDAVIT OF ROBERT E. MAHLER    1

3. Mr. Leuenberger transmitted defendants' only offer to settle this case to me on December 4, 2007. (exhibit 1)

4. My final counter offer was sent to Mr. Leuenberger on December 20, 2007 for transmittal to all defendants. (exhibit 2)

5. Between December 4 through December 20, 2007 Mr. Leuenberger and I discussed my counter offer to defendants.

6. Based on my previous discussions with my attorney, Mr. Leuenberger, my wife, and several friends, I felt that it was not advisable for me to accept defendants' only, and very restrictive, offer to settle this case and I advised Mr. Leuenberger of my decision.

7. Mr. Leuenberger notified defendants, via E-mail, on February 15, 2008, that it was my responsibility to determine if the Mutual Settlement Agreement and Release deviated from defendants December 4, 2007 settlement offer. (exhibit 3)

8. I received defendants' version of a Mutual Settlement Agreement and Release, and was able to review its' terms, on February 18, 2008. (exhibit 4)

9. In my opinion, defendants' Mutual Settlement Agreement And Release deviates substantially from the their settlement offer to me of December 4, 2007 by seeking dismissal of my Copyright Infringement case No. CV 07-6356 HO. (exhibit 4 No. 6)

10. Defendants' settlement agreement deviates from my Counter offer substantially and calls for severe "future" penalties should I choose to compete in a Willamette Table Tennis Club (WTTC) sponsored event that is not hosted on defendant Bednarz' personal real property, and potentially convened at any other location, which would effectively ban me from any sports competition. (exhibit 4 No. 5)

11. Defendants' settlement agreement deviates from my

counter offer substantially and seeks "future" restrictions should I, or the Salem Table Tennis Club (STTC), seek redress for violations committed by the WTTC, et al, which would effectively give the WTTC, et al, a free hand to commit any acts against me.

12. Mr. Leuenberger's son is ill, has been confined to hospital, and these circumstances, combined with my being ill, out of state, and not having been in contact with Mr. Leuenberger for recent, confusing, critically important days, may have been responsible for the added stress and pressure which caused miscommunication regarding acceptance of an offer to settle this case.

13. I have not accepted the defendants' offer to settle this case.

14. I ask that the court not approve the currently proposed settlement for the reasons stated in this affidavit.

*Robert E. Mahler*
Robert E. Mahler

SUBSCRIBED and SWORN to before me this 19 day of February 2008.

*Rebecca A. Hockett*
NOTARY PUBIC FOR OREGON

My Commission expires: 9/27/2009

OFFICIAL SEAL
REBECCA A HOCKETT
NOTARY PUBLIC - OREGON
COMMISSION NO. 397735
MY COMMISSION EXPIRES SEPT. 27, 2009

PAGE -   AFFIDAVIT OF ROBERT E. MAHLER     3

## CERTIFICATE

I, the undersigned Plaintiff, certify that the foregoing are exact and complete copies of Plaintiff's PLAINTIFF'S MOTIONS TO DENY DEFENDANTS' MUTUAL SETTLEMENT AGREEMENT AND RELEASE; SETTLEMENT OFFER; AND ALLOW PLAINTIFF TO ADDRESS (SERVE) THE COURT, served via USPS in Civil Action No. CV06-532-HO on:

James Leuenberger
Attorney At Law
PO Box 1684
Lake Oswego, Oregon,
(503)542-7433


Michael H. Long
210 Northbank Building
44 Club Road
Eugene, OR 97401


Aaron D. Felton
City Attorney's Office
555 Liberty Street SE, Room 205
Salem, OR  97301


Gordon Hanna, PC
~~242 Church Street SE~~
~~Salem, OR 97301~~
1011 Commercial St. NE #210
Salem, OR 97308

Wayne L. Morse, U.S. Courthouse
405 East 8th Ave., Ste 2100
Eugene, OR 97401


_Robert E Mahler_                             _2/19/08_
Robert Evans Mahler                            Date
P.O. Box 7658
Salem, OR 97303
(503)589-4878



# BROWN, ROSETA, LONG, MCCONVILLE & KILCULLEN
### ATTORNEYS AT LAW

Larry A. Brown
Michael H. Long
Philip R. McConville
John F. Kilcullen

Richard A. Roseta, Of Counsel

210 Northbank Building
44 Club Road
Eugene, Oregon 97401

Telephone (541) 686-1883
Fax (541) 686-2008

December 4, 2007

James E. Leuenberger
4800 SW Meadow Road, Suite 300
P.O. Box 1684
Lake Oswego, OR 97035

Re: *Robert Evans Mahler v. Bernard F. Bednarz, Jr. et. al.*
U.S. District Court Case No. CV06-532-HO

Dear Mr. Leuenberger:

I have been authorized by the defendants in the above matter to make the following joint offer of settlement:

(1) Defendants Bednarz and the City of Salem, Salem Police Dept., and Lyle Gembala agree to pay the sum of $3000 in return for a release of all claims brought in the above suit and a dismissal of the suit with prejudice and without costs.

(2) Defendant Willamette Table Tennis Club, Inc. agrees as follows:

(a) WTTC and Mr. Mahler each keep the personal property and funds in their respective possessions.

(b) WTTC and Mr Mahler sign a Mutual Release for all claims between the two (and their officers, directors or members) of any kind or nature from the beginning of time until the date of the release, except that Ben Bednarz's claims against Mr. Mahler arising from the tire slashing incident on or about June 17, 2006 would not be a part of that release.

(c) Mr. Mahler agrees that he will never attend or attempt to attend (nor discourage others from attending) any event sponsored, hosted, or organized by WTTC at any location, including but not limited to WTTC's principal place of business or any public location being used by WTTC for its event. If Mr. Mahler requests, various members of WTTC would probably be willing to make similar

December 4, 2007
Page 2

agreements related to Mr. Mahler's organization and its events.

(d) WTTC agrees it will not change its name to Salem Table Tennis Club. Mr. Mahler agrees that he will make no future claims against WTTC or any officer, director or member arising from references to the WTTC as a table tennis club in Salem, Oregon.

(e) Mr. Mahler agrees to dismiss the above suit against WTTC with prejudice and without costs.

Again, this is a joint offer presented on behalf of all defendants. Please review it with Mr. Mahler and let us know soon if the case can be settled.

Sincerely,

BROWN, ROSETA, LONG,
McCONVILLE & KILCULLEN

*Michael H. Long*

Michael H. Long
michaelhlong@brownroseta.com

MHL:sr
cc: Gordon Hanna
    Aaron Felton



From: "RM" <admin@SunBursTech.com>
To: "JimL" <james_leuenberger@mac.com>
Cc: "JimL2" <jim@fights4rights.com>
Date: Thu, 20 Dec 2007 15:20:14 -0800
Reply-To: "RM" <admin@SunBursTech.com>
Subject: Fwd: re: Still waiting for your approval of draft letter

Jim,
I did forget to include that this offer expires on December 28, 2007. If they do not accept by December 28, 2007, we go to ADR. Thank you.
Bob

Hi Jim,

The defendant's offer to settle is listed below. Insets are made to help clarify. Please let me know if this helps. Thank you for your patience with this.

Bob Mahler
503-589-4878

James E. Leuenberger
4800 SW Meadow Road, Suite 300
PD. Box 1684
Lake Oswego, OR 97035

December 4, 2007

Re: Robert Evans Mahler v.. Bernard F Bednarz, Jr. et. at.
U.S District Court Case No. CV06-532-HO

Dear Mr. Leuenberger:

I have been authorized by the defendants in the above matter to make the following joint offer of settlement:

(I) Defendants Bednarz and the City of Salem, Salem Police Dept., and Lyle Gembala agree to pay the sum of $3000 in return for a release of all claims brought in the above suit and a dismissal of the suit with prejudice and without costs.

Our answer: In light of the above and as a counteroffer, Mr. Mahler is willing to accept the terms of your December 4, 2007 settlement offer with the following exceptions. Mr. Mahler is willing to accept $7,000.

(2) Defendant Willamette Table Tennis Club, Inc. agrees as follows:

(a) WTTC and Mr. Mahler each keep the personal property and funds in their respective possessions.

Our answer: Agreed

(b) WTTC and Mr Mahler sign a Mutual Release for all claims between the two (and their officers, directors or members) of any kind or nature from the beginning of time until the date of the release, except that Ben Bednarz's claims against Mr. Mahler arising from the tire slashing incident on or about June 17, 2006 would not be a part of that release.

Our answer: Agreed except for - Since our October 14, 2007 settlement offer, two events have occurred. Mr. Mahler has sought reconsideration of the Judge's ruling and Mr. Mahler has filed a second suit for copyright infringement. Mr. Mahler will not be precluded from pursuing a malicious prosecution case against Mr. Bednarz after he is acquitted in the Beaverton (Bednarz) alleged flat tire incident.

(c) Mr. Mahler agrees that he will never attend or attempt to attend (nor discourage others from attending) any event sponsored, hosted, or organized by WTTC at any location, including but not limited to WTTC's principal place of business or any public location being used by WTTC for its event. If Mr. Mahler requests, various members of WTTC would probably be willing to make similar agreements related to Mr. Mahler's organization and its events.

Our answer: Mr. Mahler is willing to refrain from attending any table tennis event hosted on real property owned by Defendant Bednarz, but is not willing to refrain from attending any event sponsored, hosted, or organized by WTTC as WTTC can easily sponsor, host, or organize table tennis events at non WTTC venues, not owned by Defendant Bednarz, and thereby effectively bar Mr. Mahler from all regional table tennis tournaments.

(d) WTTC agrees it will not change its name to Salem Table Tennis Club. Mr. Mahler agrees that he will make no future claims against WTTC or any officer, director or member arising from references to the WTTC as a table tennis club in Salem, Oregon.

Our answer: Should the WTTC attempt to change its name to Salem Table Tennis Club, at any time, full utilization of legal remedies are reserved by Mr. Mahler. Mr. Mahler cannot foretell the future therefore cannot agree to waive future rights should the WTTC attempt further infringements.

(e) Mr. Mahler agrees to dismiss the above suit against WTTC with prejudice and without costs.

Our answer: Agreed with payment as noted.

[Exhibit 3]

From: James Leuenberger <james_leuenberger@mac.com>
To: "Gordon R. Hanna" <ghanna@ghrlawyers.com>
Subject: Re: Settlement memo
Date: Fri, 15 Feb 2008 18:44:37 -0800
Cc: Mike <mhlong@brownroseta.com>,
Aaron Felton <afelton@cityofsalem.net>,
RM <admin@sunburstech.com>

Mr. Hanna,

The case is settled.

I was given authority to accept the December 4, 2007 settlement offer.

I communicated that acceptance to all concerned.

As I recall contract formation from law school, acceptance of an offer makes a contract.

The only room for disagreement is if the settlement document deviates from the December 4, 2007 settlement offer.

Mr. Mahler will be giving me his opinion on that topic tonight or tomorrow.

I will almost certainly communicate with all of you by email on Monday.

Jim Leuenberger

On Feb 15, 2008, at 3:45 PM, Gordon R. Hanna wrote:

> Mr. Leuenberger:
>
> My staff called Lee Force (Judge Hogan's Courtroom Deputy) to advise
> her
> of the current situation [we believe the case is settled but we are
> just
> waiting for Mr. Mahler to approve the form of the settlement
> agreement].
> She asked if the case was settled. We said we thought so. She
> indicated that she would cancel all dates (including the settlement
> conference date) and enter a 60 day order. A 60 day order is an order
> of dismissal that is effective in 60 days in order to allow the
> parties
> to document the settlement. The 60 day order will dismiss the case

> unless someone shows cause why it ought to be set aside. The Court,
> and
> Judge Hogan in particular, can be difficult to move once the 60 day
> order is entered.
>
> If that is unacceptable to you, you better let us and Lee Force know
> that in the next 15 minutes.
>
>
>
>
> Gordon Hanna
>
> ghanna@ghrlawyers.com
> this communication in error, please immediately notify us.
> Thank you!


[Exhibit 4]

# MUTUAL SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Robert Evans Mahler ("Mahler") and Salem Table Tennis Club, Inc. an Oregon corporation ("STTC") have made claims for damages against Bernard F. Bednarz, Jr., individually and dba BC Web, LLC (Bednarz), Willamette Table Tennis Club, Inc. (WTTC), City of Salem, Oregon (City), Salem (Oregon) Police Department (Department), and Lyle Gembala, individually and as Deputy Chief of the City of Salem (Oregon) Police Department (Gembala) as more specifically set forth in the case of Robert Evans Mahler vs. Bernard F. Bednarz, Jr., individually and dba BC Web, LLC; Willamette Table Tennis Club, Inc.; City of Salem, Oregon; Salem (Oregon) Police Department; Lyle Gembala, individually and as Deputy Chief of the City of Salem (Oregon) Police Department; United States District Court Case No. CV06-532-HO.

WHEREAS, the Defendants in the above mentioned lawsuit have denied any wrongdoing and/or liability to Mahler and one Defendant, WTTC, has brought counterclaims against Mahler.

WHEREAS, the parties hereto have now reached a compromised settlement under the following terms:

(1) Defendants Bednarz, City and Gembala agree to pay the sum of $3,000 to Mahler in return for a release from Mahler and STTC of all claims which Mahler or STTC have or may have against them from the beginning of time until the date of this Mutual Settlement Agreement and Release. In return, Mahler agrees to dismiss the above mentioned lawsuit with prejudice and without costs.

(2) WTTC and Mahler/STTC each agree to keep the personal property and funds in their respective possessions as of the date of this Mutual Settlement Agreement and Release.

(3) WTTC and Mahler/STTC agree to sign a Mutual Release of All Claims between the two (and their officers, directors, members and affiliates) of any kind or nature from the beginning of time until the date of this Mutual Settlement Agreement and Release, except that Bednarz's claims against Mahler arising from an alleged tire slashing incident which occurred on or about June 17, 2006 are not to be a part of that release.

(4) Mahler agrees that he will never attend or attempt to attend (nor discourage others from attending) any events sponsored, hosted, or organized by WTTC at any location, including but not limited to WTTC's principal place of business or any public location being used by WTTC for its events.

(5) WTTC agrees it will not change its name to Salem Table Tennis Club. Mahler and STTC agree that they will make no future claims against

        WTTC or any officer, director, member or affiliate arising from references to the WTTC as a table tennis club in Salem, Oregon.

    (6)    Mahler and STTC agree that they will withdraw a second complaint against Bednarz, WTTC and others for copyright infringement tendered to the United States District Court, Case No CV 07-6356 HO and will not refile or prosecute the action further.

NOW, THEREFORE, FOR AND IN CONSIDERATION OF THE ABOVE-MENTIONED TERMS, the parties hereto agree as follows:

    (1)    Bednarz, City and Gembala agree to pay the sum of $3,000 to Mahler. In return, Mahler and STTC agree to release, acquit and forever discharge Bernard F. Bednarz, Jr., individually and dba BC Web, LLC; Willamette Table Tennis Club, Inc.; City of Salem, Oregon; Salem (Oregon) Police Department; Lyle Gembala, individually and as Deputy Chief of the City of Salem, Oregon Police Department, their officers, directors, members, agents, representatives, insurers, successors and assigns from any and all rights, claims, demands and damages of any kind known or unknown, from the beginning of time until the date of this Mutual Settlement Agreement and Release.

    (2)    Mahler and STTC agree to dismiss the above-mentioned lawsuit with prejudice and without costs and to make no further claims or demands against the Defendants named therein, their officers, directors, members, agents, representatives, insurers, successors or assigns for any claims which have or may have accrued to Mahler or STTC from the beginning of time until the date of this Mutual Settlement Agreement and Release.

    (3)    WTTC and Mahler/STTC agree that each are entitled to keep the personal property and funds presently in their respective possessions.

    (4)    WTTC agrees to release, acquit and forever discharge Mahler and STTC from any and all rights, claims, demands and damages of any kind, known or unknown which have or may have accrued to WTTC from the beginning of time until the date of this Mutual Settlement Agreement and Release. The parties agree, however, that this Release does not apply to any claims Bednarz may have against Mahler arising from an alleged tire slashing incident which occurred on or about June 17, 2006.

    (5)    Mahler agrees that he will never attend or attempt to attend (nor discourage others from attending) any event sponsored, hosted, or organized by WTTC at any location, including but not limited to WTTC's principal place of business or any public location being used by WTTC for its event.

    (6)    WTTC agrees it will not change its name to Salem Table Tennis Club. Mahler/STTC agree that they will make no future claims against WTTC or any officer, director or member arising from references to the WTTC as a table tennis club in Salem, Oregon or its reference to the historical origins of WTTC.

The parties hereto acknowledge and agree that this is a compromised settlement of disputed claims and rights and is not to be construed or considered as an admission of liability in whole or in part by any of the parties hereto.

It is further agreed that this Mutual Settlement Agreement and Release contains the entire agreement between the parties hereto, including their agents and representatives and it is agreed that the terms of this Release are contractual and not a mere recital.

The persons executing and delivering this agreement on behalf of the parties represent and warrant that they are duly authorized to do so and that the execution of this agreement is the lawful and voluntary act of each of the parties. They further agree to make no other claims nor file any actions or complaints, including complaints with any administrative agencies.

The parties have agreed and do represent that no promise, inducement or agreement not herein expressed has been made between the parties, and that this release contains the entire agreement between the parties hereto and that there are no other terms outside of this agreement whether written or oral and that the terms of this release are contractual and not a mere recital, and shall supersede all prior communications, representations, or agreements, either written or oral, between the parties herein.

The undersigned hereby expressly assume the risk of any mistake of fact and of any facts proven to be other than or different from the facts now known to any of the parties to this Agreement or believed by them to exist. It is the expressed intent of the parties to this Agreement to settle and adjust, finally and forever, without regard to who may or may not be correct in any understanding of the fact or law relating to this controversy.

The parties expressly agree that this agreement may be executed in counterpart and that it is not essentially that the signatures of all parties appear on a single copy of this agreement but that each may sign multiple copies and the agreement shall be effective as soon as each party has signed a copy and delivered a copy with the signature to the other parties. Copies of signatures transmitted via email, facsimile or other electronic means shall be fully effective to bind any party.

In the event of any dispute arising out of or related to this Settlement Agreement or any of the claims settled hereby, the prevailing party shall be entitled to recover, in addition to any other relief, its reasonable attorney fees in arbitration, at trial or on appeal.

The parties hereto acknowledge that they have read this Mutual Settlement Agreement and Release, understand it and are signing it voluntarily.

DATED this _____ day of _____, 2008.

_____
Robert Evans Mahler

                              Salem Table Tennis Club, Inc.

                              _____
                              Robert Evans Mahler, President

DATED this _____ day of _____, 2008.

                              _____
                              Bernard F. Bednarz, Jr., individually

DATED this _____ day of _____, 2008.

                              BC Web, LLC

                              _____
                              Bernard F. Bednarz, Jr., President

DATED this _____ day of _____, 2008.

                              _____
                              Representative for Willamette Table
                              Tennis Club, Inc.

DATED this _____ day of _____, 2008.

                              _____
                              Representive for City of Salem, Oregon

DATED this _____ day of _____, 2008.

                              _____
                              Lyle Gembala